### No. 24,161.

THE STATE OF KANSAS, *ex rel.* BEN S. JONES, as County Attorney of Rice County, *Appellee*, v. RURAL HIGH-SCHOOL DISTRICT OF RICE COUNTY, No. 4, et al., *Appellants.*

#### SYLLABUS BY THE COURT.

Chapter 254 of the Laws of 1921, providing for the organization of rural high schools, violates section 17 of article 2 of the constitution of this state prohibiting the passage of a special law where a general law can be made applicable.

Appeal from Rice district court; DANIEL A. BANTA, judge. Opinion filed January 6, 1923. Affirmed.

*W. W. Stahl*, of Lyons, for the appellant.

*Ben S. Jones*, county attorney, *F. L. Martin, John M. Martin*, and *James N. Farley*, all of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action, the plaintiff questions the validity of the organization of rural high-school district No. 4 in Rice county, and questions the authority of Jefferson Dunham and the other de-

fendants to act as the school board of that school district.   Judgment was rendered in favor of the plaintiff on its demurrer to the answer of the .defendants.   Defendants appeal.

The school district was organized under chapter 254 of the Laws of 1921.   It is contended that the act violates section 17 of article 2 of the constitution of this state.   That section reads:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted; and whether or not a law enacted is repugnant to the constitution shall be construed and determined by the courts of the state."

Section 1 of chapter 254 of the Laws of 1921 reads:

"That whenever a petition signed by two-fifths of the electors residing in the territory of a proposed rural high-school district containing a city of not less than 600 nor more than 900 population, according to the United States census of 1920, in which has been maintained an accredited high school for five or more years next preceding the presentation of such petition, shall be presented to the county commissioners within six months from the taking effect of this act, requesting the county commissioners to call a special election to vote on establishing a rural high school, it shall be the duty of county commissioners of counties of not less than 14,800, nor more than 17,500 population, according to the United State census of 1920, to forthwith call a special election in said proposed rural high-school district to vote on establishing a rural high school.   The first school meeting for the election of officers and the first meeting of the high-school board to make the necessary levy for taxes shall be held at such time and place as shall be designated by the county superintendent of public instruction.   The provisions of chapter 284 of the Session Laws of 1917, except section 3 thereof, shall govern in the formation and regulation of any high school formed under this act in so far as not in conflict herewith: *Provided,* That no farm the residence on which is more than five miles from said city limits by the nearest traveled road shall be included within the boundaries of the said proposed district unless the owner thereof consents and shall sign the petition."

It must be noticed that the act is general in its terms but that it is so hedged about with restrictions and conditions that it is special in its application.   The act discloses that it is a deliberate attempt to avoid passing a law that would have general application throughout the state.   The subject matter treated is one that can be treated generally; in fact, it is one that has been treated generally by the legislature, and a general act has been passed.   If there were no general act governing the organization of rural high-school districts, a general one could be passed.   The subject is one that should be treated generally and not otherwise.

Classification of cities and counties according to population for

the purpose of legislation is entirely proper and often necessary, but a classification according to population made for the purpose of avoiding the existing provisions of a general act or for the purpose of making an act special in its application where a general law can be made applicable, is a direct violation of the constitutional prohibition. Many cases could be cited to show that this act violates the constitution, but no good purpose would be served by citing them or quoting from them.

Special acts are not entirely prohibited. Where a special act is necessary, it can be passed as such. It is not necessary to make it appear to be general when its application is intended to be special. A special act, in form general, cannot be upheld where a direct special act would be invalid.

The trial court held that the law violates the constitution. The judgment is affirmed.